SQUIRE SANDERS (US) LLP
Anne Choi Goodwin (SBN 216244)
Adrienne R. Salerno (SBN 258153)
555 South Flower Street, 31st Floor
Los Angeles, CA 90071
Telephone: +1 213 624 2500
Facsimile: +1 213 623 4581
Email: anne.goodwin@squiresanders.com
       adrienne.salerno@squiresanders.com

Attorneys for Defendant
SOUTHWESTERN & PACIFIC
SPECIALTY FINANCE, INC. dba CHECK 'N GO

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME LEA DERDERIAN, on behalf of herself and all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHWESTERN & PACIFIC SPECIALTY FINANCE, INC. dba CHECK 'N GO, AND Does 1 through 100 inclusive,<br><br>Defendants. | District Court Case No.: **'14CV0412 L    KSC**<br><br>San Diego County Superior Court Case No.: 37-2014-00084767-CU-BT-CTL<br><br>**NOTICE OF REMOVAL OF DEFENDANT SOUTHWESTERN & PACIFIC SPECIALTY FINANCE, INC.**<br><br>**CLASS ACTION** |

NOTICE OF REMOVAL OF DEFENDANT SOUTHWESTERN & PACIFIC SPECIALTY FINANCE, INC.

SQUIRE SANDERS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Southwestern & Pacific Specialty Finance, Inc. ("Southwestern") hereby removes the above-captioned action from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California. The basis for removal of this action is set forth below.

## I. BACKGROUND

1. On January 23, 2014, Plaintiff Jaime Lea Derderian ("Plaintiff") filed a class action complaint in the Superior Court of the State of California for the County of San Diego, captioned *JAMIE LEA DERDERIAN, on behalf of herself and all persons similarly situated v. SOUTHWESTERN & PACIFIC SPECIALTY FINANCE, INC. DBA CHECK 'N GO, and Does 1 through 100 inclusive*, Case No. 37-2014-00084767-CU-BT-CTL (the "Complaint"). Southwestern is the only named Defendant in the Complaint.

2. In the Complaint, Plaintiff alleges a single cause of action against Southwestern. Specifically, Plaintiff alleges that Southwestern obtained a consumer report concerning Plaintiff on two occasions without making a firm offer of credit to Plaintiff in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681n *et seq.* ("FCRA").

3. Plaintiff seeks to bring this action on behalf of the following putative class:

> All persons in the United States whose consumer report was obtained by Defendant or its agent on or after January 23, 2012 for purposes of making a firm offer of credit and who was not sent a firm offer of credit within 30 days of the obtaining of the report.

Compl., ¶ 5.

SQUIRE SANDERS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

-1-
NOTICE OF REMOVAL OF DEFENDANT SOUTHWESTERN & PACIFIC SPECIALTY FINANCE, INC.

## II. BASIS FOR REMOVAL

1. 28 U.S.C. § 1441(a) permits removal where "the district courts of the United States have original jurisdiction." In the instant action, this Court has original jurisdiction under 28 U.S.C. § 1331, which grants district courts original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."

2. "A suit arises under the law that creates the cause of action." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983) (quoting *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916)). Plaintiff sues Southwestern under the cause of action created in Section 1681n of FCRA for what Plaintiff alleges is a violation of FCRA. "Because federal law creates the right of action and provides the rules of decision, [Plaintiff's FCRA] claim, in 28 U.S.C. §1331's words, plainly 'aris[es] under' the 'laws . . . of the United States.'" *Mims v. Arrow Fin. Servs.*, 132 S. Ct. 740, 748 (2012). Accordingly, this Court has original jurisdiction.

3. As set forth herein, this case meets all of the requirements for removal and is timely and properly removed by the filing of this Notice.

## III. PROCEDURAL REQUIREMENTS ARE SATISFIED

1. A notice of removal is timely when it is filed within thirty (30) days of a defendant's receipt of the initial pleading setting forth a plaintiff's claims. 28 U.S.C. § 1446(b). Southwestern's authorized agent accepted service of the Complaint on January 27, 2014. Southwestern filed this Notice of Removal on February 24, 2014. Because this Notice was filed within 30 days of service of the Complaint on Southwestern, removal is timely.

2. Venue is proper in this district and division, United States District Court for the Southern District of California, under 28 U.S.C. § 1446(a) because this district and division embrace the place where the removed action was pending in state court.

SQUIRE SANDERS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

-2-

NOTICE OF REMOVAL OF DEFENDANT SOUTHWESTERN & PACIFIC SPECIALTY FINANCE, INC.

3. Copies of all state court process, pleadings, and orders on record in the Superior Court's file for this matter are attached to this Notice as **Exhibit A** and incorporated herein by this reference.

4. A true and correct copy of this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California for the County of San Diego, as required under 28 U.S.C. § 1446(d).

## IV.   CONCLUSION

1. For these reasons, Defendant Southwestern hereby gives notice that the action currently pending against it in the Superior Court of California, San Diego County, is hereby removed to the United States District Court for the Southern District of California.

WHEREFORE, Southwestern respectfully requests that this Court assume full jurisdiction over this action as if Plaintiff had originally commenced this action with this Court.

Dated: February 24, 2014                Respectfully Submitted,

SQUIRE SANDERS (US) LLP

By: s/ **Adrienne R. Salerno**
Adrienne R. Salerno
Attorney for Defendant
SOUTHWESTERN AND PACIFIC SPECIALTY FINANCE, INC. dba CHECK 'N GO
Email:adrienne.salerno@squiresanders.com

SQUIRE SANDERS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

-3-

NOTICE OF REMOVAL OF DEFENDANT SOUTHWESTERN & PACIFIC SPECIALTY FINANCE, INC.

# EXHIBIT A

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
01/23/2014 at 09:06:05 AM
Clerk of the Superior Court
By Ivy-Minh B. Pham, Deputy Clerk

1  LAKESHORE LAW CENTER
2  Jeffrey Wilens, Esq. (State Bar No. 120371)
   18340 Yorba Linda Blvd., Suite 107-610
3  Yorba Linda, CA 92886
4  714-854-7205
   714-854-7206 (fax)
5  jeff@lakeshorelaw.org

6
   THE SPENCER LAW FIRM
7  Jeffrey P. Spencer, Esq. (State Bar No. 182440)
   903 Calle Amanecer, Suite 220
8  San Clemente, CA 92673
9  949-240-8595
   949-240-8515 (fax)
10 jps@spencerlaw.net
11
12 Attorneys for Plaintiff

13     SAN DIEGO COUNTY SUPERIOR COURT, STATE OF
14       CALIFORNIA (Unlimited Civil), Hall of Justice,
15          330 W. Broadway, San Diego, CA 92101,

16 | JAIME LEA DERDERIAN,          ) Assigned for All Purposes to:
   | on behalf of herself and all   )
17 | persons similarly situated,    )
   |                                )   37-2014-00084767-CU-BT-CTL
18 |                                )
   |       Plaintiff,               )
19 |                                ) CLASS ACTION
   |   v.                           )
20 |                                ) COMPLAINT FOR
21 | SOUTHWESTERN & PACIFIC         ) 1. Violation of the Fair Credit Reporting
   | SPECIALTY FINANCE, INC. DBA    ) Act
22 | CHECK 'N GO and Does 1 through )
   | 100 inclusive,                 )
23 |                                )
   |       Defendants.              )
24

25 Plaintiff alleges as follows:

26                          **PARTIES**

27 1. Plaintiff JAIME LEA DERDERIAN, an individual, brings this action on behalf of

28

                                    1
                                COMPLAINT

                                EXHIBIT A
                                PAGE 1

herself, and on behalf of a class of similarly situated persons pursuant to Code of Civil Procedure § 382. Plaintiff is a resident of the State of California and a competent adult.

2. Plaintiff is informed and believes, and thereupon alleges, that Defendant SOUTHWESTERN & PACIFIC SPECIALTY FINANCE, INC. DBA CHECK 'N GO, is now, and at all times mentioned in this Complaint was, a corporation based in the State of Ohio, and doing business in the County of San Diego, State of California, and throughout the State of California and United States. It has not designated a principle place of business in California.

3. Plaintiff does not know the true names or capacities of the Defendants sued herein as DOES 1 through 100 inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that each of these fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by those Defendants. Each reference in this complaint to "Defendant" or "Defendants" or to a specifically named Defendant refers also to all Defendants sued under fictitious names.

4. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned each of the Defendants, including all Defendants sued under fictitious names, and each of the persons who are not parties to this action but are identified by name or otherwise throughout this complaint, was the alter ego of each of the remaining Defendants, was the successor in interest or predecessor in interest, and was the agent and employee of each of the remaining Defendants and in doing the things herein alleged was acting within the course and scope of this agency and employment.

## CLASS ALLEGATIONS

5. Plaintiff is a member of a class of persons, the members of which are similarly

situated to each other member of that class. The class is defined as follows:

> All persons in the United States whose consumer report was obtained by Defendant or its agent on or after January 23, 2012 for purposes of making a firm offer of credit and who was not sent a firm offer of credit within 30 days of the obtaining of the report.

6. Plaintiff is informed and believes, and thereupon alleges, that the class Plaintiff represents includes at least 100 persons whose consumer files were improperly accessed by Defendant.

7. The identity of the members of the class is ascertainable from Defendant's own business records or those of its agents.

8. The Plaintiff and Class Members' claims against Defendant involve questions of law or fact common to the class that are substantially similar and predominate over questions affecting individual Class Members in that all Class Members' consumer reports were accessed under similar circumstances and the same question as to the legality of that access applies to each Class Member.

9. The claims of Plaintiff is typical of the claims of the members of the Class.

10. Plaintiff can fairly and adequately represent the interests of the Class.

### FIRST CAUSE OF ACTION FOR VIOLATION OF THE FAIR CREDIT REPORTING ACT (15 U.S.C. § 1681n) AGAINST ALL DEFENDANTS (BROUGHT AS INDIVIDUAL ACTION AND CLASS ACTION)

11. Plaintiff incorporates in this cause of action the allegations contained in paragraphs 1 through 10, inclusive.

12. The Fair Credit Reporting Act, 15 USC § 1681a, defines a "consumer report" as "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity. . . .which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for--(A) credit or insurance to be used primarily for personal, family, or household purposes. . . ."

13. 15 U.S.C. § 1681b (f) provides a person shall not obtain a consumer report for any purpose unless it was obtained for a purpose for which the consumer report is authorized to be furnished. Subdivision (a) lists the various permissible purposes for which a consumer reporting agency may furnish a consumer report. Subdivision (a) also references "firm offers of credit" as discussed in subdivision (c) as one permissible purpose.

14. 15 USC § 1681b (C) governs the making of firm offers of credit. Subdivision (C) (1) provides that the consumer reporting agency may furnish a consumer report relating to any consumer if the requirements for making a firm offer of credit are met. The specific requirements are for the most part not pertinent to this lawsuit, but this section does require that the obtaining of the consumer report be "in connection with any credit...transaction...[that] consists of a firm offer of credit...."

15. However, the other requirements for a firm offer of credit are not critical because this lawsuit focuses on the circumstances when no firm offer of credit was made reasonably contemporaneously to the obtaining of a consumer report and therefore was not made in connection with the obtaining of the consumer report.

16. Defendant SOUTHWESTERN & PACIFIC SPECIALTY FINANCE, INC. DBA CHECK 'N GO (CNG) is a private corporation offering deferred deposit loans (commonly called payday loans) and installment loans to United States residents.

17. During the Class Period, employees of Defendant, acting in the normal course of their employment and pursuant to instructions from Defendant, accessed consumer files belonging to Plaintiff and the Class Members and obtained their consumer reports. Defendant obtained the consumer reports because it stated to the consumer reporting agencies that it was going to use the reports to make firm offers of credit and that is the only reason the reporting agencies provided the reports to Defendant.

18. These employees are natural persons.

19. The information obtained by Defendant from the consumer files, constituted consumer reports as to Plaintiff and each Class Member because it included credit

scores and other information about the consumer's credit standing and because the information was obtained for the stated purpose of Defendant's making a firm offer of credit.

20. Defendant, acting through its employees, obtained a consumer report concerning Plaintiff on or about September 15, 2012. Defendant never made a firm offer of credit to Plaintiff in the following eight months.

21. Defendant, acting through its employees, obtained a second consumer report concerning Plaintiff on or about March 15, 2013. Defendant never made a firm offer of credit to Plaintiff in the following 60 days.

22. Similarly, Defendant, acting through its employees, obtained consumer reports about the Class Members during the Class Period solely for the stated purpose of making a firm offer of credit, but did not make any such offer for more than 30 days thereafter.

23. 15 USC § 1681n provides that a natural person who knowingly without a permissible purpose obtains a consumer report shall be liable to the consumer in the amount of actual damages or $1,000, whichever is greater.

24. Defendant is liable for the foregoing violations of the FCRA under principle/agent and respondeat superior principles.

25. The foregoing violations were willful and knowing in that Defendant and its employees knew a consumer report could only be obtained for the purposes of making a firm offer of credit when Defendant actually made the firm offer of credit within a reasonable period of time thereafter. It further knew that a delay of more than 30 days was not a reasonable period of time, which led to the inference that Defendant never intended to make a firm offer of credit when it obtained the consumer reports.

26. As a result of the foregoing violations, Plaintiff and the Class are entitled to recover $1,000 per violation.

27. In addition, Plaintiff and the Class are entitled to recover punitive damages pursuant

to 15 U.S.C. § 1681n (a) (2).

## REQUEST FOR JURY TRIAL

WHEREFORE, Plaintiff requests trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment on all causes of action against Defendant as follows:

1. For an order certifying this matter as a class action;
2. For a declaration of the rights and liabilities of the parties including a declaration that a consumer report can be obtained for the stated purpose of making a firm offer of credit only when that offer is actually made within 30 days of the obtaining of the report;
3. For distribution of any moneys recovered on behalf of members of the Class, via fluid recovery or cy pres recovery where necessary to prevent Defendant from retaining the benefits of their wrongful conduct as provided in California v. Levi Strauss & Co. (1986) 41 Cal.3d 460 and People v. Thomas Shelton Powers, M.D. Inc. (1992) 2 Cal.App.4th 330;
4. On the first cause of action, for the sum of $1,000 for each consumer report concerning Plaintiff or a Class Member improperly obtained by Defendant;
5. On the first cause of action for such sum of money as punitive damages as the court may allow;
6. For interest on the sum of money awarded as damages;
7. For reasonable attorney's fees pursuant to 15 U.S.C. § 1681n (a) (3), the Private Attorney General doctrine in Code of Civil Procedure § 1021.5, pursuant to the "common fund" doctrine, and pursuant to the "substantial benefit" doctrine.
8. For costs of suit incurred herein; and
9. For such other and further relief as the court may deem proper.

DATED: January 23, 2014

Respectfully submitted,

By *Jeffrey Wilens*
JEFFREY WILENS
Attorney for Plaintiff

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Jeffrey Wilens, Esq. (#120371)<br>Lakeshore Law Center<br>18340 Yorba Linda Blvd.<br>No. 107-610<br>Yorba Linda, CA 92886<br>TELEPHONE NO.: 714-854-7205  FAX NO.: 714-854-7206<br>ATTORNEY FOR (Name): Plaintiff | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**01/23/2014 at 09:06:05 AM**<br>Clerk of the Superior Court<br>By Ivy-Vinh B. Pham, Deputy Clerk |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego<br>STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS: P.O. Box 838<br>CITY AND ZIP CODE: San Diego, CA 92101<br>BRANCH NAME: Hall of Justice | |
| CASE NAME: Derderian v. Southwestern & Pacific Specialty Finance, Inc. | |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 37-2014-00084767-CU-BT-CTL |
|---|---|---|
| [x] Unlimited  [ ] Limited<br>(Amount  (Amount<br>demanded  demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: Judge Joel M. Pressman<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400-3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Construction defect (10) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [x] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint (not specified above) (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition (not specified above) (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [x] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties  d. [ ] Large number of witnesses
   b. [x] Extensive motion practice raising difficult or novel  e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve           in other counties, states, or countries, or in a federal court
   c. [x] Substantial amount of documentary evidence  f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply):  a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): One
5. This case [x] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: January 22, 2014

Jeffrey Wilens, Esq. (#120371)                          ► /s/ Jeffrey Wilens
(TYPE OR PRINT NAME)                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET**  Legal Solutions ⓒ Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:** SOUTHWESTERN & PACIFIC SPECIALTY
*(AVISO AL DEMANDADO):* FINANCE, INC. DBA CHECK 'N GO and
Does 1 through100 inclusive,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**01/23/2014** at 09:06:05 AM

Clerk of the Superior Court
By Ivy-Vinh B. Pham,Deputy Clerk

**YOU ARE BEING SUED BY PLAINTIFF:** JAIME LEA DERDERIAN, on
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* behalf of herself
and all persons similarly situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es)*
Superior Court, County of San Diego
330 West Broadway
P.O. Box 838
San Diego, CA 92101

CASE NUMBER:
*(Número del Caso)*
37-2014-00084767-CU-BT-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jeffrey Wilens, Esq. (#120371)           714-854-7205      714-854-7206fax
Lakeshore Law Center
18340 Yorba Linda Blvd., Suite 107-610
Yorba Linda, CA 92886

DATE: 01/24/2014                      Clerk, by  M Pham , Deputy
*(Fecha)*                             *(Secretario)*                  *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

EXHIBIT A
PAGE 9

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway <br> MAILING ADDRESS: 330 West Broadway <br> CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 <br> BRANCH NAME: Central | |
| PLAINTIFF(S): Jaime Lea Derderian | |
| DEFENDANT(S): Southwestern & Pacific Specialty Finance Inc DBA CHECK N GO | |
| SHORT TITLE: DERDERIAN VS SOUTHWESTERN & PACIFIC SPECIALTY FINANCE INC [E-FILE] | |
| **STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER: <br> 37-2014-00084767-CU-BT-CTL |

Judge: Joel M. Pressman                                Department: C-66

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)          ☐ Non-binding private arbitration

☐ Mediation (private)                  ☐ Binding private arbitration

☐ Voluntary settlement conference (private)   ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)         ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                Date: _____

Name of Plaintiff                           Name of Defendant

Signature                                   Signature

Name of Plaintiff's Attorney                Name of Defendant's Attorney

Signature                                   Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

IT IS SO ORDERED.

Dated: 01/24/2014                           JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)    **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**    Page: 1

EXHIBIT A
PAGE 10

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: 330 W Broadway | |
| MAILING ADDRESS: 330 W Broadway | |
| CITY AND ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |
| TELEPHONE NUMBER: (619) 450-7066 | |
| PLAINTIFF(S) / PETITIONER(S): Jaime Lea Derderian | |
| DEFENDANT(S) / RESPONDENT(S): Southwestern & Pacific Specialty Finance Inc | |
| DERDERIAN VS SOUTHWESTERN & PACIFIC SPECIALTY FINANCE INC [E-FILE] | |
| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE on MANDATORY eFILE CASE | CASE NUMBER: 37-2014-00084767-CU-BT-CTL |

## CASE ASSIGNMENT

Judge: Joel M. Pressman                          Department: C-66

**COMPLAINT/PETITION FILED:** 01/23/2014

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 12/05/2014 | 08:30 am | C-66 | Joel M. Pressman |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants, and a Certificate of Service (SDSC form #CIV-345) filed within 60 days of filing.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

MANDATORY eFILE: Case assigned to mandatory eFile program per CRC 3.400-3.403 and SDSC Rule 2.4.11. All documents must be eFiled at www.onelegal.com. Refer to General Order 010313 at www.sdcourt.ca.gov for guidelines and procedures.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

SDSC CIV-721 (Rev. 08-12)                NOTICE OF CASE ASSIGNMENT                              Page: 1

EXHIBIT A
PAGE 11



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2014-00084767-CU-BT-CTL   CASE TITLE: DERDERIAN vs Southwestern & Pacific Specialty Finance Inc [E-FILE]

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
   (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
   (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_
   (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

### Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

**Potential Advantages**
- Saves time
- Saves money
- Gives parties more control over the dispute resolution process and outcome
- Preserves or improves relationships

**Potential Disadvantages**
- May take more time and money if ADR does not resolve the dispute
- Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable

### Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

# CERTIFICATE OF SERVICE

I, the undersigned declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; my business address is 555 S. Flower Street, 31st Floor, Los Angeles, CA 90071. On February 24, 2014, the following document:

**NOTICE OF REMOVAL OF DEFENDANT SOUTHWESTERN & PACIFIC SPECIALTY FINANCE, INC.**

was served on:

Jeffrey Wilens, Esq.
LAKESHORE LAW CENTER
18340 Yorba Linda Blvd.
Suite 107-610
Yorba Linda, CA 92886

Jeffrey P. Spencer, Esq.
THE SPENCER LAW FIRM
903 Calle Amanecer
Suite 220
San Clemente, CA 92673

Service was accomplished as follows.

[X]    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, via United States Mail at Los Angeles, California addressed as set forth above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 24, 2014, at Los Angeles, California.

*Phannie Tsui*

- 4 -

NOTICE OF REMOVAL OF DEFENDANT SOUTHWESTERN & PACIFIC SPECIALTY FINANCE, INC.

SQUIRE SANDERS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071